HAWKEYE LUMBER COMPANY, Appellant, v. MRS. G. L. DAY, Appellee.

MECHANICS' LIENS: Establishment—Misapplied Payments. A subcontractor who attempts to establish his lien against the premises is very properly charged with the amount of payments received by him from the contractor with knowledge that they came from the owner and wrongfully applied by crediting them on an antecedent debt of the contractor's.

Headnote 1: 40 C. J. p. 382 (Anno.)

Headnote 1: L. R. A. 1916D, 1255; 18 R. C. L. 973.

*Appeal from Johnson District Court.*—R. G. POPHAM, Judge.

OCTOBER 19, 1926.

REHEARING DENIED FEBRUARY 19, 1927.

Suit in equity by plaintiff, as a materialman, to foreclose a mechanic's lien against the property owner and an insolvent contractor. The defense of the property owner was that she had paid to the contractor, pursuant to her contract, several thousand dollars, for which she asked credit, as against the plaintiff. There was a decree for the plaintiff for the full amount claimed, less $534, which was allowed as a credit to the property owner. From that part of the decree allowing such credit to the property owner, the plaintiff has appealed.—*Affirmed.*

*Stevens & Long, Messer, Clearman & Olsen,* and *Irving C. Johnson,* for appellant.

*Walker & Ries,* for appellee.

EVANS, J.—Mrs. Day was the property owner. Sulser was the contractor, operating under the name of Sulser Company. He clearly defrauded the defendant, in failing to use the money paid to him by her, so as to protect her *pro tanto* against mechanic's liens. The contract between Sulser and Mrs. Day

was entered into in the spring of 1923, and was performed in the course of the summer. Sulser had five other building contracts covering the same period. The plaintiff was furnishing the material for all of them. The testimony disclosed that out of the money paid to Sulser by Mrs. Day, he paid to the plaintiff the sum of $534. By the agreement of plaintiff and Sulser, such sum was applied, not upon any lienable account held by plaintiff, but upon an old personal debt owed by Sulser to the plaintiff. If it was inequitable in Sulser to so apply the money, it was equally inequitable in the plaintiff to so apply it. Sulser had no source from which he could obtain such money except from his patrons, who were all chargeable with mechanic's liens, and plaintiff had no reason to think otherwise. Indeed, the action of Sulser was a positive fraud, and the plaintiff was the beneficiary of it to its full extent. Plaintiff parted with no value in exchange for such money.

In requiring the plaintiff to credit such amount upon its lienable account against Mrs. Day, the trial court followed our case of *Sioux City F. & M. Co. v. Merten,* 174 Iowa 332. The plaintiff concedes that the cited case is decisive against it, and contends that the case is unsound in principle, and is contradictory to the mechanic's lien statute, and that, therefore, it should be overruled. So far as the cited case is applicable to the case at bar, we see no reason for challenging it or departing from it. The opinion therein does not purport to construe the mechanic's lien statute. It only purports to declare an equitable principle in the application of it. Our present mechanic's lien statute (Code of 1924) contains the following provisions:

"Sec. 10282. No owner of any building upon which a mechanic's lien of a subcontractor may be filed, shall be required to pay the original contractor for compensation for work done or material furnished for said building until the expiration of sixty days from the completion of said building, unless the original contractor shall furnish to the owner: (1) receipts and waivers * * * or (2) a good and sufficient bond * * *

"Sec. 10283. Payment to the original contractor by the owner of any part or all of the contract price * * * before the lapse of the sixty days * * * will not relieve the owner from liability to the subcontractor for the full value * * *.

"Sec. 10285. Nothing * * * shall be construed to require

the owner to pay a greater amount * * * than is provided in his contract with the principal contractor, unless said owner pays a part or all of the contract price to the original contractor before the expiration of the sixty days * * *.''

It will be noted that the foregoing is exceedingly drastic in the purported protection which it extends to the materialman as against the property owner. Apparently the property owner had no spokesman present at the conference that formulated it. Under its operation, the defendant in this case was held liable to the lien holder, notwithstanding large payments to Sulser. The equitable rule announced in the cited case operates against the plaintiff herein to this extent: That it requires the plaintiff to apply upon its lienable account against the property owner the money which Sulser received from her and which he paid to the plaintiff, notwithstanding that Sulser and the plaintiff had agreed to a wrongful application of it. The statute is so drastic in the protection which it affords to the materialman that it becomes readily capable of abuse. As such, it naturally invites equitable supervision, as an aid to practical justice thereunder. Without further comment upon the unusual character of the statute, in that it wholly disregards the contract of the parties, it is sufficient now to say that we should not be justified in adding to its severity by overruling the precedent complained of.

The decree of the district court is, accordingly, affirmed.— *Affirmed.*

De Graff, C. J., and Albert and Morling, JJ., concur.